UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHANIE F GREYER,

        Plaintiff,

        v.                                           Case No. 25-cv-0280-bhl

FEDERAL GOVERNMENT and FBI,

        Defendants.

## SCREENING ORDER

On February 25, 2025, Plaintiff Stephanie F. Greyer, proceeding without an attorney, filed a complaint against the Federal Bureau of Investigation (FBI) and "Federal Gvt.". (ECF No. 1.)[1] Greyer also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Greyer's IFP motion and for the screening of her complaint. Because her complaint is frivolous, it will be dismissed.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Greyer's IFP application includes information about her finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). As for her ability to pay the fee, Greyer reports that she is employed, but receives only $520.00 in monthly wages. (ECF No. 2 at 1–2.) She reports that she is homeless and has monthly expenses totaling between $600.00 and $850.00. (*Id.* at 2–3.) Greyer indicates that she has $25.00 in cash or accounts and no other assets. Based on Greyer's application, the Court finds she is presently unable to pay the filing fee and will grant her IFP status.

---

[1] This is the eleventh civil case Greyer has filed since 2022. The previous ten were all dismissed as frivolous. *See* Report and Recommendation, No. 24-cv-1388 (E.D. Wis. Nov. 21, 2024), ECF No. 5 (noting Greyer's previous nine cases were dismissed as frivolous and recommending the same for her tenth).

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Greyer's complaint contains no credible allegations. She alleges that the FBI violated her rights while President Donald Trump and others were present. (ECF No. 1 at 2.) She mentions

men and women with "alligator growth" around their heads and "a snake person" in her home. (*Id.* at 2–3.) She mentions children and abuse in Florida, New York, and Milwaukee, and then provides a list of six names, apparently of her children. (*Id.* at 3–4.) And she alleges that the federal government "threatened to murder" her, "because they are uptop." (*Id.* at 3.) Greyer requests monetary damages and for "the defendants to stop abusive behavior. (ECF No. 1 at 4.) She does not indicate whether she is suing under state or federal law.

Like her previous ten complaints, Greyer's latest filing is frivolous and will be dismissed. "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," or "wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Here, Greyer is alleging a fanciful and clearly baseless conspiracy involving the FBI, the President of the United States, and several varieties of lizard people. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Because "it is apparent from a reading of the complaint that . . . the case is going nowhere," *see Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015), Greyer's complaint will be dismissed without leave to amend.

**IT IS HEREBY ORDERED** that Plaintiff Stephanie F. Greyer's complaint, ECF No. 1, is **DISMISSED as frivolous**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Greyer's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

Dated at Milwaukee, Wisconsin on February 28, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge